## KUCKERT v CITY CAB COMPANY et

Ohio Appeals, 2nd Dist, Franklin Co

No 2205.  Decided Nov 15, 1932

Knepper, White, Smith & Dempsey, Columbus, for plaintiff in error.

Vorys, Sater, Seymour & Pease, Columbus, for defendants. in error.

KUNKLE, J.

Counsel have favored the court with very exhaustive briefs covering the different grounds of error relied upon.

We shall not attempt to review the various authorities cited and discussed by counsel in their respective briefs. We will merely announce the conclusion at which we have arrived after a consideration of the record and the briefs of counsel.

Counsel for plaintiff in error seriously contend that the court erred in requiring the plaintiff in error to elect as to which of the defendants the plaintiff in error would proceed against.

We find no prejudicial error in this ruling of the trial court. We think under the state of the record that the court was justified in requiring the plaintiff in error to elect.

Another ground of error seriously urged by counsel for plaintiff in error relates to the charge of the court upon the degree of negligence which the defendant in error was required to exercise as a common carrier for hire.

The trial court in special charge No. 4 given at the request of counsel for plaintiff in error, charged the jury as follows:

"I charge you that common carriers of persons for hire are required to do all that human care, vigilance and foresight can reasonably do, consistent with the character and mode of conveyance adopted and the practical prosecution of the business to prevent accidents to persons while being carried by such common carriers."

This is a correct statement of law. The court in its general charge to the jury on pages 298 and 299, charged the jury as follows:

"If you find from the evidence that the Cab Company was a common carrier of passengers for hire, and that at the time the alleged injury occurred to plaintiff she was a passenger in the taxicab of the defendant, and that she paid the defendant for service in carrying her as such, or that if she had not paid her fare, there was an agreement either express or implied, that she was to pay her fare upon arriving at her destination, the court instructs you that the defendant owed to said plaintiff, as its passenger, the highest degree of care which might reasonably be expected of per-

sons engaged in the business of operating taxicabs, considering the instrumentalities employed and the dangers naturally to be apprehended."

This is a correct statement of the law.

The trial court at different places during the remaining portion of the charge and when taking up the different specific grounds of negligence alleged in the petition, viz., on page 302, when dealing with the specification of negligence in reference to the defendant in error approaching and driving across the intersection in question, charged the jury as follows:

"The court instructs you that it is the duty of the driver of an automobile at all times to keep a lookout for other vehicles which might be passing along the street or crossing in front of him; and if you find from the evidence, and under all the circumstances surrounding the occasion there, that an ordinarily prudent person, under like circumstances, would have observed the traffic at said intersection and would have so managed his automobile or could have so managed his automobile in the exercise of ordinary care so as to have avoided the injury, it would be its duty so to do."

Here the degree of care was defined to be "ordinary care."

At the bottom of page 303 and top of page 304, the trial court in dealing with the specification of negligence which related to the defendant in error attempting to run around and in front of another automobile, charged the jury as follows:

"But you are to determine whether or not the defendant exercised ordinary care under all the facts and circumstances of the case."

The same rule was given with reference to the other specifications of negligence as found on pages 303, 304 and 305 of the record.

Upon a careful consideration of the charge as given, we can not escape the conclusion but that two different rules were given to the jury, viz., the one rule which required the highest degree of care upon the part of the carrier of a passenger for hire and the other which required the exercise of ordinary care. Where different rules are given a reviewing court can not say which rule was followed by the jury in its deliberations. It requires no citation of authorities to support the proposi-

tion that if this situation exists it becomes the duty of the reviewing court to reverse upon that ground. It is suggested by counsel for defendant in error that the use of the expression "Under the same or similar circumstances," as used by the trial court in dealing with the different specific grounds of negligence coupled the charge which was given upon these specific grounds of negligence with the statement on page 298 and 299 of the general charge. The charge of the court requiring the highest degree of care as found on pages 298 and 299 might have been so worded as to include the specific charges of negligence subsequently discussed by the trial court in its charge, but we are unable to find any such connection.

From a consideration of the entire charge we can not escape the conclusion but that two different rules of negligence were given by the trial court and that it is impossible for us to say whether the correct rule, viz., that of the highest degree of care, was followed or whether the rule of ordinary care was followed by the jury in its consideration of the case.

We have considered all the grounds of error urged by counsel for plaintiff in error, but find no error in the record which we think prejudicial to plaintiff in error except the error above referred to, viz., the charge of the court. The judgment of the lower court will therefore be reversed and cause remanded for a new trial.

ALLREAD, PJ, and HORNBECK, J, concur.